UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER R. CHANDLER,          :
                                  :
          Plaintiff               :    No. 4:CV-05-2513
                                  :
     vs.                          :    (Complaint filed 12/05/05)
                                  :
DEL MONTE CORPORATION,            :    (Judge Muir)
                                  :
          Defendant               :

ORDER #2 of

January 22, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Christopher R. Chandler filed this action on December 5, 2005, "to redress the deprivation of the Plaintiff's civil rights pursuant to the Age Discrimination in Employment Act of 1967, ..., and [the] Pennsylvania Human Relations Act, ...." (Complaint, p. 1, ¶1)  Count I of the complaint sets forth a cause of action for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq., and Count II contains a claim of age discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. Section 951, et seq.

On December 1, 2006, Del Monte filed a motion for summary judgment with respect to both counts of the complaint, a statement of material facts, a supporting brief, and exhibits. On December 18, 2006, Chandler filed an opposition brief, reply to the statement of material facts, and exhibits.  A reply brief was filed by Del Monte on December 28, 2006.

Del Monte's summary judgment motion was not ripe for

disposition as of that date because pending at the time was a motion by Chandler to compel discovery from Del Monte.  One form of relief sought by Chandler in that motion was a stay of these proceedings, including our disposition of the summary judgment motion, pending a ruling on the motion to compel.  In our order #1 of this date we denied Chandler's motion to compel.  Del Monte's summary judgment motion is now ripe for disposition.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c).  Summary judgment is an extreme remedy and should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).  "When a motion for summary judgment is made and supported as provided in ...[Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading...." Fed.R.Civ.P. 56(e).  The adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Id.  Because summary judgment is a severe remedy, the Court should resolve any doubt about the existence of genuine issues of fact against the moving party. Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981).

The United States Supreme Court has stated that in motions for summary judgment a material fact is one which might affect

the outcome of the suit under relevant substantive law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Supreme Court also stated in <u>Anderson</u> that a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u> at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation, 106 S.Ct. 1348, 1356 1986).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. <u>Id.</u> at 325. The non-moving party then must make a sufficient showing as to the essential elements of his or her case that a reasonable jury could find in his or her favor. <u>Id.</u> at 322-23.

The burden of proof required to defeat a summary judgment motion is guided by the burden of proof which a reasonable jury would be instructed to consider. <u>Anderson</u>, 477 U.S. at 242. The Court in Anderson stated:

> The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks

> whether reasonable jurors could find by a preponderance of
> the evidence that the plaintiff is entitled to a verdict--
> 'whether there is [evidence] upon which a jury can properly
> proceed to find a verdict for the party producing it, upon
> whom the onus of proof is imposed.'

Id. at 252.  As summarized by the Advisory Committee On Civil
Rules, "[t]he very mission of the summary judgment procedure is
to pierce the pleadings and to assess the proof in order to see
whether there is a genuine need for trial." Fed. R. Civ. P. 56
advisory committee note to 1963 Amendment.

With those principles in mind, we turn to the undisputed
material facts as supported by the evidence of record.[1]

Chandler worked for Del Monte and its predecessor companies
for approximately 20 years until on or about December 5, 2003.
In 1995 his employment had been terminated for reasons not
relevant to this case.  Shortly thereafter he was offered a
position with the company in Puerto Rico, which he accepted.  In
June of 2000 Chandler was transferred back to Pennsylvania.

In 2000 the company and the employees' union initiated a
safety program labeled "behavior observation initiative."
Chandler described the program as follows:

> [Y]ou make observations.  You use observations from the
> floor on the way you are operating right now and you graph
> it.  You take, you break it down so that you can measure
> safety performance in certain areas and then you graph it,

---

[1]Chandler attempts to dispute a number of facts which Del
Monte characterizes as undisputed.  With respect to those facts,
Del Monte has presented evidence of record to support its
assertions and Chandler has failed to meet his burden of
producing any contrary evidence.  According to the governing
standard set forth in Federal Rule of Civil Procedure 56, such
facts may be relied upon by the court as undisputed.

4

and then you try and get each group on board as a team to
improve.  You use peers to improve your safety in the plant.

(Chandler Deposition Transcript, pp. 19-20)  The data collected
pursuant to the program addressed practices such as whether
employees lifted objects properly, wore gloves and protective eye
wear.

Chandler and others were sent to California to be trained in
the program.  Chandler was responsible for explaining the
initiative to his staff of 13 employees.

In August of 2001 Chandler conducted a meeting to explain
the safety initiative to his staff.  Before the meeting, Chandler
had learned that union members were refusing to use a form which
was designed to gather information to implement the safety
initiative.  During that meeting Chandler referred to the
document as a "rat-on-your-buddy" sheet.  Chandler's supervisors
learned of that reference and viewed it as conveying a lack of
respect for the Company's safety program.

Chandler and Del Monte entered into a "last chance"
agreement in 2001 because of the manner in which Chandler had
referenced the document.  The agreement stated in part that "any
future breach of your responsibility to actively support all
Company initiated programs, policies and procedures that affect
your employees will result in your immediate termination."  Del
Monte required Chandler to sign the agreement as a condition of
his continued employment.

On or about November 13, 2003, Chandler was working as a
maintenance supervisor over a crew of workers assembled to repair

5

some equipment at Del Monte.  Chandler was approached by Richard
Hess, an employee in another department, who informed Chandler
that employees in the other department were questioning whether
Chandler's crew had a "burn permit" and whether Chandler's crew
would be putting up safety curtains designed to shield employees'
eyes from the welding.

Chandler explained to Hess that he had a "burn permit" and
that, although no welding was being performed when that
conversation occurred, the type of welding that would have been
done did not necessitate the use of any safety curtains.
Chandler asked Hess to identify the individual who had inquired
about the necessity of the safety measures.  Hess informed
Chandler that Jim Brown had posed the questions.

Shortly thereafter Chandler approached Brown and Chandler
handed him a piece of paper big enough to shield the employee's
face.  Brown, and a second employee working near Brown, believed
that Chandler's actions were intended to make fun of Brown's
safety concerns regarding any welding.

Del Monte investigated the incident, interviewed a number of
employees including Chandler, and concluded that Chandler's
actions "would be seen as a lack of support for employees who
raise good-faith questions and would seriously undermine a key
ingredient of our safety program." (Declaration of Del Monte's
Director of Human Resources, Greg Hansman, ¶10)

Del Monte's Plant Director had recently stressed to
supervisors that in order to secure cooperation from employees in

the safety program it was important to treat any safety questions courteously and responsively. Del Monte viewed Chandler's actions to be inconsistent with support of the safety program. Chandler's employment at Del Monte was terminated on or about December 5, 2003, as a result of the November 13, 2003, incident.

At the time of the termination of his employment Chandler was 53 years of age. Chandler was replaced by Pershing Markle, who was over 60 years old when he replaced Chandler.

We will apply those undisputed facts to Chandler's two claims that Del Monte's actions were based on unlawful age discrimination. Courts have uniformly held that the standard governing age discrimination claims brought under the Pennsylvania Human Relations Act is the same standard applied to such claims brought pursuant to federal law. *See* Kroptavich v. Pennsylvania Power and Light Company, 795 A.2d 1048, 1056 (Pa. Super. 2002)(Observing that "[g]enerally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts.")

There are two means by which a plaintiff can establish, as a matter of law, an unlawful discriminatory intent on the part of his or her employer. The first is where the plaintiff's case consists entirely of indirect evidence of impermissible discrimination; in such a case the court should apply the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S., 802, 93 S. Ct. 1817 (1973), and <u>Texas Dep't of Community Affairs vs. Burdine</u>, 450 U.S. 248, 253-54 (1981). The

second method applies where the plaintiff has direct evidence of the employer's discriminatory intent; such a case has been described as a "mixed-motives" case and should be analyzed pursuant to the holding in <u>Price Waterhouse vs. Hopkins</u>, 490 U.S. 228, 258 109 S. Ct. 1775 (1989), as modified by § 107 of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(m).

Chandler concedes that there is no direct evidence of age discrimination in this case. Consequently, he may prevail on his claims only if there exists sufficient circumstantial evidence to make out a pretext case under the burden shifting analysis set forth in <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>McDonnell Douglas Corporation vs. Green</u>, 411 U.S. 792 (1973). The employer's asserted reason for and adverse employment action cannot be proved to be "a pretext *for discrimination*" unless it is shown that the asserted reason was false, <u>and</u> that the unlawful discrimination alleged by the plaintiff was the real reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 516, 113 S.Ct. 2742, 2752 (1993).

Under the <u>McDonnell Douglas</u> and <u>Burdine</u> cases, in order to prevail on his Age Discrimination in Employment Act and Pennsylvania Human Relation Act claims, Chandler must initially establish a prima facie case of discrimination. In <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 113 S.Ct. 2742 (1993), the Supreme Court explained that the Plaintiff carries the burden of proof that there exists prima facie evidence of unlawful discrimination. Such a showing must be sufficient so as to give

8

rise to a presumption that an unlawful motive may be inferred from the circumstances. Id., 509 U.S. at 506, 113 S.Ct. at 2746-2747.

In its motion for summary judgment, Del Monte initially argues that Chandler can not establish even a prima facie case of unlawful age discrimination because "the undisputed facts show that he was replaced by someone older than himself and there are no other circumstances suggesting that age was a factor." (Brief in Support of Motion for Summary Judgment, p. 2)

Absent direct evidence of unlawful discrimination, a Plaintiff may establish a prima facie case of age discrimination by proving that he or she

> (I) belonged to a protected class, i.e., was at least 40
> years of age; (ii) was qualified for the position; (iii) was
> dismissed despite being qualified; and (iv) suffered
> dismissal under circumstances giving rise to an inference of
> discrimination, such as the fact that the plaintiff was
> replaced by someone substantially younger.

Kroptavich v. Pennsylvania Power and Light Company, 795 A.2d 1048, 1056 (Pa. Super. 2002)(citing O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 313, 116 S.Ct. 1307 (1996); Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir.2001); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir.1992).  Del Monte argues that Chandler has failed to fulfill the second and fourth of those elements.

Del Monte contends that Chandler's "undeniable inability to

avoid disparaging, or appearing to disparage, the Company's safety program," demonstrates that he was not qualified for his position.  However, we agree with those courts which have held that

> "while objective job qualifications should be considered in evaluating the plaintiff's *prima facie* case, the question of whether an employee possesses a subjective quality ... is better left to the later stage of the *McDonnell Douglas* analysis." Weldon v. Kraft, 896 F.2d 793, 798 (3d Cir.1990). The rationale for deferring review is that "subjective evaluations 'are more susceptible of abuse and more likely to mask pretext'" and, therefore, are better suited for review at the pretext stage. *Id.* (quoting *Fowle v. C & C Cola,* 868 F.2d 59, 64-65 (3d Cir.1989)).

Kroptavich v. Pennsylvania Power and Light Company, 795 A.2d 1048, 1058 (Pa. Super. 2002).  In our view an assessment of Chandler's statements regarding Del Monte's safety program involves a subjective quality to be considered later in our analysis of Chandler's age discrimination claims.

The other element challenged by Del Monte is the fourth, which addresses whether the circumstances of Chandler's dismissal give rise to an inference of discrimination.  Courts have gradually reduced the quantum of evidence needed to fulfill this element.  The Court of Appeals for the Third Circuit has held that

> "[A] complainant can satisfy the fourth prong of her prima [facie] case simply by showing that, as here, the employer had a continued need for 'someone to perform the same work after the complainant left.'"

Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 353-354 (3d Cir.1999).  Del Monte clearly had a continued need for someone to perform Chandler's work because it immediately filled his vacancy

with another employee.

For the purposes of this order, we conclude that Chandler has established a prima facie case with respect to his two age discrimination claims.

We will proceed to the next step of the analysis, which is whether Del Monte has articulated one or more legitimate and nondiscriminatory reasons for the adverse employment decision upon which Chandler's claims are based.  The employer's burden here, however, is only a burden of production; the burden of proof remains upon the Plaintiff at all times.  Once the employer articulates such a justification, the Plaintiff's prima facie case "is no longer relevant," and the Plaintiff must maintain the ultimate burden of proving both that the proffered reason is false, and that it is a pretext for unlawful discrimination. St. Mary's Honor Ctr. v. Hicks, l13 S.Ct. 2742, 2749-2752 (1993).

Chandler's employment history at Del Monte indicates that Del Monte consistently advised Chandler that safety matters were to be taken very seriously and that he was expected to support the company's safety programs.  Chandler's initial failure to abide by those instructions occurred in August of 2001 and led to the "last chance agreement" which he was required to sign. Chandler recognized what was expected of him, yet in November of 2003 his conduct evinced disrespect for the safety concerns of other employees at Del Monte's plant.  The reason articulated by Del Monte for the termination of Chandler's employment is his failure to support the company's safety policies.  Del Monte has

articulated a legitimate reason for terminating Chandler's employment.

At this point the burden returns to Chandler to demonstrate that the reason proffered is a pretext for age discrimination. If Del Monte's asserted reasons for Chandler's termination contains inconsistences or implausibilities which could reasonably support an inference that Del Monte did not act for legitimate reasons, we are required to deny the motion for summary judgment.

The proper inquiry at this stage in the context of a summary judgment motion is whether a reasonable jury could find that the employer's explanation is pretextual and not whether the evidence necessarily leads to a conclusion that an employer did act for discriminatory reasons. Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 638-40 (3rd Cir 1993).  The Court of Appeals for the Third Circuit has commented that

> [t]o discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. ...  Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* find them "unworthy of credence," ..., and hence infer "that the employer did not act for [the asserted] non-discriminatory reasons."

Fuentes v. Perskie, 32 F.2d 759, 765 (3d Cir. 1994)(quoting Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992))(citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 638 (3d Cir. 1993))(emphasis in original).

Chandler asserts a number of reasons why Del Monte's asserted justification for terminating his employment is pretextual.  Those which are not supported by any evidence of record are summarily rejected.  We will address the remainder of his arguments in turn, beginning with his arguments relating to the "last chance" agreement entered into by the parties in August of 2001.  Chandler concedes that he was "forced to sign [the "last chance" agreement] as a result of comments he made at a safety meeting." (Brief in Opposition to Motion for Summary Judgment, p. 11)  However, in spite of that admission, he also contends that the "last chance" agreement "was simply a building block for terminating [his employment] due to his age and health issues." (Id., p. 12)

In support of that statement Chandler cites page 54 of the transcript of Greg Hansman's deposition.  Hansman was Del Monte's Director of Human Resources.  During Hansman's deposition, the following exchange occurred on the page Chandler cites:

Q:    [Chandler] got a Last Chance Agreement?

A:    Correct.

Q:    Which is the building block or the basis for his termination, correct?

A:    That is correct.

(Hansman Deposition Transcript, p. 54)  Nothing in that portion of the transcript, or in any of the evidentiary materials submitted to us, indicates that Del Monte's motivation for requiring Chandler to sign the "last chance" agreement was unlawful or was connected in any manner to Chandler's age.  None

13

of Chandler's arguments relating to the "last chance" agreement have merit.

Chandler next contends that one of his fellow co-workers did not hear Chandler make the "rat-out-your-buddy" reference at the meeting held in August of 2001.  This point is not material. Chandler admits he made the statement, and the evidence of record supports Del Monte's position that the comment hindered Del Monte's attempts to institute the safety policy.

Chandler also argues that the November 13, 2003, incident was not sufficiently significant to justify the termination of his employment because no violation of the company's safety policy.  Our review of the record indicates that Del Monte terminated Chandler's employment because his actions exhibited a failure to support the company's policy.  The company's stated reason is adequate and no violation per se of the safety policy need be shown.

Chandler next takes issue with the events which occurred on November 13, 2003.  Chandler believes he properly provided Brown with the paper shield.  Chandler's beliefs simply are not relevant.  Brown viewed Chandler's actions to be disrespectful of Brown's safety concerns and Del Monte shared Brown's views.

We are of the view that, based upon the evidence of record submitted to us, no reasonable jury could conclude that Del Monte's asserted justification for terminating Chandler's employment is pretextual.  Therefore, we will grant Del Monte's motion for summary judgment.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Del Monte's motion for summary judgment (Document 32)

     is granted.

2.   The Clerk of Court shall enter judgment in favor of Del

     Monte on both of Chandler's claims.

3.   The Clerk of Court shall close this case.


                              s/Malcolm Muir
                              MUIR, U.S. District Judge

MM:gja